In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00478-CR
_____

**DAMARCUS DEWAYNE ROSHAW ROGERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause No. A170505-R**

**MEMORANDUM OPINION**

A jury found Appellant Damarcus Dewayne Roshaw Rogers guilty of aggravated assault, a second-degree felony, and the court assessed punishment at twelve years of imprisonment and a fine of $1000. *See* Tex. Penal Code Ann. § 22.02 (West 2019).[1] The court also ordered Rogers to pay restitution in the amount of

---

[1] We cite the current statute as amendments made after Rogers's offense do not affect our disposition.

1

$95,837.69. Rogers's appointed appellate counsel filed a motion to withdraw and a brief that presents counsel's professional evaluation of the record and concludes the appeal lacks merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Rogers to file a pro se brief, and Rogers filed a pro se letter in which he stated that he received ineffective assistance of counsel. Rogers asserts he was not prepared for trial, he "only had one offer[,]" and he did not want to proceed to trial. He also complains his trial attorney did not get him another offer.[2] The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief or a pro se response. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable

---

[2] Rogers's pro se letter includes no citations to authority or to the record. When an appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for review. *See Wolfe v. State*, 509 S.W.3d 325, 342-43 (Tex. Crim. App. 2017); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000). An appellant may therefore forfeit error through his failure to brief adequately. *See Leza v. State*, 351 S.W.3d 344, 358 (Tex. Crim. App. 2011) (declining to reach the merits of appellant's issues because of inadequate briefing); *Ochoa v. State*, 355 S.W.3d 48, 56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) ("An appellant waives an issue on appeal if he fails to adequately brief that issue by presenting supporting arguments and authorities.") (citing Tex. R. App. P. 38.1(i); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2002)).

grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and Rogers's pro se response, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[3]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

---

[3] Rogers may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

Submitted on June 21, 2019
Opinion Delivered July 10, 2019
Do Not Publish

Before Kreger, Horton and Johnson, JJ.